# CERTIFICATE OF SERVICE

DEBTOR 1 NAME: Jordan D Bucklin

DEBTOR 2 NAME: Zoe L Ziegler

CASE NUMBER:  2312555-CM161-1709719776316.pdf

I _____Robert J Wallace, Jr._____ certify under penalty of perjury that I have served the attached document on the below listed entities in the manner shown on ___3/7/2024___ :

By First ClassMail:

Jordan D Bucklin,401 Hemming Way,Granite Falls, WA 98252
Zoe L Ziegler,401 Hemming Way,Granite Falls, WA 98252

Via ECF on the date the pleading was filed:
Debtor's Attorney

I certify that I have prepared the Certificate of Service and that it is a true and correct copy to the best of my knowledge, information and belief.

Date : ___3/7/2024___             Signature : _____

Premium Graphics, Inc.
2099 Thomas Road Suite 10
Memphis, TN 38134

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

In Re:

JORDAN D BUCKLIN AND
ZOE L ZIEGLER,

                    Debtors.

IN CHAPTER 13 PROCEEDING
NO. 23-12555-MLB

TRUSTEE'S OBJECTION TO
CONFIRMATION

The Trustee objects to confirmation of the debtors' plan filed December 30, 2023 (ECF No. 2):

1) The debtors' plan (ECF No. 2) provides for assumption of a Windermere Real Estate lease in Section VII. The debtors need to promptly move for Court approval to assume this lease / contract, and the order approving assumption of this lease / contract needs to be entered prior to or simultaneously with the confirming order.

2) The debtors' plan (ECF No. 2) fails to provide for treatment / payment of the contract / lease with Windermere Real Estate.

3) The debtors listed two claims on Line No. 33 of Schedule A/B (ECF No. 1): a pending claim for accident, and also a possible medical malpractice claim against University of Washington. The debtors listed both of these claims with unknown values (ECF No. 1). Based on the debtors' testimony at the 341 meeting of creditors, the pending claim for an accident relates to a motor vehicle accident that occurred on or around June 2022. Based on the debtors' testimony, the debtors and their children were in the vehicle at the time of the accident, and the debtors sustained injuries in relation to this accident. Based on the debtors' testimony, the debtors have obtained an attorney to represent

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

them in relation to the motor vehicle accident. In addition, based on the debtors' testimony at the 341 meeting of creditors, the possible medical malpractice claim against University of Washington relates to injuries sustained by Mrs. Zielger following a surgery relating to a brain tumor. Based on the debtors' testimony, the debtors are seeking counsel to assist them with this possible medical malpractice claim but have not yet retained an attorney. Based on the debtors' testimony at the 341 meeting of creditors, it is not entirely clear what claims / causes of action may be asserted and/or sought by the debtors in relation to both the motor vehicle accident claim and the possible medical malpractice claim. The Trustee objects as to the following issues: First, the debtors need to provide the Chapter 13 Trustee with a copy of any demand letter and/or complaint prepared in connection with the debtors' motor vehicle accident. Second, the debtors need to move to employ the attorney they have retained in relation to the motor vehicle accident that occurred on or around June 2022. Local Rule W.D. Wash. Bankr. 2014-1. Third, the debtors' plan (ECF No. 2) fails to account for any non-exempt equity / portion of these scheduled claims to be turned over to the Chapter 13 Trustee to disburse to allowed, unsecured claims. 11 U.S.C. § 1325(a)(4). The debtors need to amend the plan to provide for the following language in Section X.: "Any non exempt proceeds relating to the debtors' motor vehicle accident claim and/or medical malpractice claim shall be paid to the Chapter 13 Trustee to disburse to allowed, unsecured claims."

4) Based on the debtors' schedules, the debtors listed social security income of $1,539.00/month, and also referenced on Line No. 13 that the debtors will be applying for SSDI auxiliary benefits for the minor children (ECF No. 1, Schedule I). Based on the debtors' testimony at the 341 meeting of creditors, it appears that the debtors' children have been approved for social security benefits and the debtors are now receiving additional social security income for the children. The debtors need to

Jason Wilson-Aguilar
Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124

amend Schedule I for accuracy regarding the current income, including disclosing the monthly

amount of social security received for the debtors' children.

5) The debtors need to provide the Trustee with proof of the scheduled social security income

received by Mrs. Ziegler. Local Rule W.D. Wash. Bankr. 4002-1(a), Fed. R. Bankr. P. 4002(b)(2)(A),

11 U.S.C. §§ 521(a)(1)(B)(iv).

6) In sum, the debtors' plan does not satisfy the requirements of 11 U.S.C. § 1325.

7) The Trustee reserves the right to assert additional bases for this objection.

 THE TRUSTEE REQUESTS:

That the Court deny confirmation of the debtors' plan and, if appropriate, set deadlines for debtors

to file and note a feasible amended plan.

Dated: March 06, 2024                  /s/ *Anna M. Park*, WSBA #42633 for
                                       Jason Wilson-Aguilar
                                       Chapter 13 Trustee

TRUSTEE'S OBJECTION TO CONFIRMATION - 3